### GENEVIEVE RICHARDSON
vs.
### KOPPERS CONNECTICUT COKE CO.
(Appeal from Compensation Commissioner)

Superior Court      Fairfield County      File #50598

Present: Hon. JOHN A. CORNELL, Judge.

FitzGerald, Foote & FitzGerald, Attorneys for the Appellant.

Campner, Pouzzner & Hadden, Attorneys for the Appellee.

### MEMORANDUM FILED MARCH 1, 1937.

CORNELL, J. The excerpts from the evidence annexed as exhibits to the Motion To Correct the Finding shows little,

if anything, from which the Commissioner would have been justified in finding that the claimant has affirmatively proved that the accident sustained by the deceased aggravated or "lit up" the previously existing physical malady with which the deceased was afflicted.

The limitations upon the power of this court upon a proceeding of this character are pointedly stated in **Practice Book Sec. 256** and have been emphasized in a number of opinions of the Supreme Court of Errors with which counsel are, doubtless, familiar.

The excerpts of the testimony referred to supra, are more remarkable for what they do not contain than for the information that is in them. They leave a distinct impression that either there must have been much more testimony on the material points or if there was not, then there should have been.

Under **Practice Book, Sec. 256** the court has power "when it appears necessary to protect substantial rights of a party" to order a transcript of all of the evidence. It is felt that the court should examine the complete transcript in this instance.

Rather than put the state to the expense of this, it is requested that counsel for the claimant produce and have certified the complete transcript, unless the financial circumstance of the claimant is such that this would be a burden on her.

Decision on the instant appeal will be delayed until this transcript is filed with the clerk or until the court is advised by claimant's counsel that his client's financial situation is such that the court should order the transcript.